

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00135-CR

_____

DELDRICK DEVON THOMAS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 420th Judicial District Court
Nacogdoches County, Texas
Trial Court No. F13364-2005

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Deldrick Devon Thomas appeals from the adjudication of his guilt, on his pleas of "true" to six of the eight allegations contained in the State's motion to adjudicate[1] the offense of theft, enhanced to a state jail felony. *See* TEX. PENAL CODE ANN. § 31.03 (Vernon Supp. 2010). Thomas was sentenced by the trial court to twenty-four months' confinement in the State Jail Division, Texas Department of Criminal Justice.[2] Thomas was represented by different appointed counsel at trial and on appeal.[3]

Thomas' attorney on appeal has filed a brief which discusses the record and reviews the proceedings in detail. Counsel has thus provided a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced. This meets the requirements of *Anders v. California*, 360 U.S. 738 (1967); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1981); and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

Counsel mailed a copy of the brief to Thomas on November 4, 2010, informing Thomas of his right to file a pro se response and of his right to review the record. Counsel has also filed a

---

[1]In addition, the trial court found one of the two remaining allegations to be true.

[2]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[3]Thomas also appeals, in companion cause numbers 06-10-00134-CR and 06-10-00136-CR, also decided this date, from the revocation of his community supervision for the offense of promotion of child pornography and for the offense of theft, respectively. In each of those cases, Thomas' community supervision was revoked, and he was sentenced to ten years' confinement on the child pornography conviction and twenty-four months' confinement for the theft conviction. All sentences are to run concurrently.

motion with this Court seeking to withdraw as counsel in this appeal. Thomas has neither filed a pro se response, nor has he requested an extension of time in which to file such a response.

We have determined that this appeal is wholly frivolous. We have independently reviewed the clerk's record and the reporter's record, and we agree that no arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

In a frivolous appeal situation, we are to determine whether the appeal is without merit and is frivolous, and if so, the appeal must be dismissed or affirmed. *See Anders*, 386 U.S. 738.

We affirm the judgment of the trial court.[4]


Bailey C. Moseley
Justice

Date Submitted:     January 26, 2011
Date Decided:       January 27, 2011

Do Not Publish

---

[4]Since we agree this case presents no reversible error, we also, in accordance with *Anders,* grant counsel's request to withdraw from further representation of Thomas in this case. No substitute counsel will be appointed. Should Thomas wish to seek further review of this case by the Texas Court of Criminal Appeals, Thomas must either retain an attorney to file a petition for discretionary review or Thomas must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.

3